**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GERONIMO SERVICE COMPANY, Respondent.**

No. 71–1736.

United States Court of Appeals,
Tenth Circuit.

Oct. 10, 1972.

Steven R. Semler, Washington, D. C. (Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Robert E. Williams, N.L.R.B., were with him on brief), for petitioner.

Dennis M. McCary, of Keleher & McLeod, Albuquerque, N. M., for respondent.

Before LEWIS, Chief Judge, and KILKENNY* and DOYLE, Circuit Judges.

PER CURIAM.

The National Labor Relations Board seeks and the employer Geronimo resists enforcement of a Board order issued June 23, 1971, requiring Geronimo as the successor employer to United Service Corporation (United) to bargain with the union which had been certified after a representation election as the exclusive bargaining agent of all United's employees in an appropriate unit. Such certification was made March 20, 1970, about three months prior to the asserted take-over by Geronimo from United. The Board decision is reported at 191 NLRB No. 88. Geronimo's refusal to bargain is admitted and constitutes a violation of Section 8(a)(5) and (1) of the National Labor Relations Act if the Board correctly determined that Geronimo was the successor to United within the purview of the Act.

---

* John F. Kilkenny, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

■ The parties are in agreement that two prime factors must be probed in the determination of whether successorship is established, correctly stating that the employing industry must continue as essentially the same and the successor employer must continue with its predecessor's employees substantially appropriated. As indicated in its decision, *supra,* the Board found that the employing industry *did* continue with a majority of United's employees being employed by Geronimo. Both Board determinations are supported by the record and we would summarily affirm were it not for Geronimo's contentions that a different result must be reached because the circumstances of this case are such as to negative any assumption that an appropriate bargaining unit continued which must be respected by Geronimo.

In establishing the union as a bargaining agent for United the Board designated the appropriate unit to be

> All employees of the Employer at Holloman Air Force Base, New Mexico, excluding professional employees, guards and supervisors as defined in the Act.

■ ■ At the time of certification United had two contracts with the Air Force at Holloman, one for painting maintenance and one for refuse collection. At the representation election fifty-four United employees were eligible to vote; forty-eight did vote, twenty-five favoring the union, nineteen against and four votes challenged. Of those employees eligible to vote, ten were employed under the refuse collection contract and the remainder under the maintenance contract. Since Geronimo took over only United's contract for maintenance and did not succeed to the collection contract, there can be no reasonable assurance or assumption, so says Geronimo, that the United employees hired by Geronimo favored or ever did favor the union. This nicety of number analysis is presented to us without authority as to its application to the case at bar and we simply reject it as having no determinative merit. A successor employer taking over union employees takes such employees in that status for so long as the certification remains valid under traditional and established rules. NLRB v. Burns International Security Services, Inc., 406 U.S. 272, 277–281, 92 S.Ct. 1571, 32 L.Ed.2d 61.

The order will be enforced.